James Edward REED *v.* STATE of Arkansas

CR 96-310                                               929 S.W.2d 703

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Jon A. Williams,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Vada Berger,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. James Edward Reed was convicted of two counts of burglary, two counts of theft, and one count of arson. All of the offenses alleged occurred on a day when Mr. Reed, Eric Thul, and Scotty Lewis skipped school, did not have enough money to spend their holiday as they wished, and decided to burglarize houses as they rode about in an automobile. Mr. Reed was tried jointly with Eric Thul. Mr. Reed's sole point of appeal concerns the Trial Court's refusal to give a non-AMCI instruction to the jury concerning accomplice responsibility. The refused instruction was proffered by Mr. Thul, and the proffer was joined by Mr. Reed who asked that the instruction apply to him as well. We hold that the Trial Court properly declined the proffered instruction in favor of AMCI 2d 401.

The evidence showed that the three young men burglarized several homes including that of Mr. and Mrs. Orin Tritch. The Tritch home was set afire. Mr. Thul testified he saw Mr. Reed set fire to curtains and a sofa cushion there. He also testified that Mr. Reed asked him if they should burn the house and Mr. Reed later indicated regret for having done so. Mr. Reed testified he only stood on the Tritch porch and served as a "lookout." Scotty Lewis corroborated Mr. Reed's testimony that Reed remained on the porch, and he further testified that when Mr. Thul emerged from the Tritch home he said, "Let's go, it's getting hot." Testimony from others indicated that Mr. Thul admitted to setting the fire without Reed or Lewis knowing about it.

The instruction proffered by Mr. Thul and joined by Mr. Reed stated as follows:

> An accomplice is criminally responsible for the acts of others only to the extent he has a shared criminal purpose with the others. If you ultimately find that Eric Thul [James Edward Reed] was an accomplice, you may find him guilty only of a crime you determine he had a conscious object to engage in, or a conscious object to cause such a result.

In proffering the instruction, Mr. Thul's counsel stated it was based upon this Court's decision in *Fight v. State*, 314 Ark. 438, 863 S.W.2d 800 (1993).

In the *Fight* case, Louis Fight was convicted of manslaughter, leaving the scene of an accident, and aggravated assault resulting from his having been a passenger in an automobile driven by another person in such a manner as to have committed those offenses. The evidence against Mr. Fight was that he was present at the scene when the crimes were committed and that he had supplied the errant driver with a marijuana cigarette sometime prior to the tragic events. We held the evidence insufficient to prove that Mr. Fight was an accomplice to the driver as the term "accomplice" is defined in Ark. Code Ann. § 5-2-403(a) or (b) (Repl. 1993).

Section 5-2-403 is as follows:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he:
> (1) Solicits, advises, encourages, or coerces the other person to commit it; or
> (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing it; or
> (3) Having a legal duty to prevent the commission of the offense, fails to make proper effort to do so.
> (b) When causing a particular result is an element of an offense, a person is an accomplice in the commission of that offense if, acting with respect to that result with the kind of culpability sufficient for the commission of the offense, he:
>
> (1) Solicits, advises, encourages, or coerces the other person to engage in the conduct causing the result; or
> (2) Aids, agrees to aid, or attempts to aid the other person

in planning or engaging in the conduct causing the result; or

(3) Having a legal duty to prevent the conduct causing the result, fails to make proper effort to do so.

The instruction on accomplice responsibility given by the Trial Court was AMCI 2d 401, which, as adapted to the facts of this case, stated as follows:

In this case the State does not contend that Eric Paul Thul and James Edward Reed acted alone in the commission of the offenses of two counts of burglary, two counts of theft, and one count of arson. A person is criminally responsible for the conduct of another person when he is an accomplice in the commission of an offense. An accomplice is one who with the purpose of promoting or facilitating the commission of an offense solicits, advises, encourages or coerces the other person to commit the offense, or aids, agrees to aid, or attempts to aid the other person in planning or committing the offense.

Purpose is defined as a person acts with purpose with respect to his conduct or a result thereof when it is his conscious object to engage in conduct of that nature, or to cause such a result.

Arson is defined, in relevant part, in Ark. Code Ann. § 5-38-301 (Repl. 1993) as follows: "(a) A person commits arson if he starts a fire ... with the purpose of destroying or otherwise damaging: (1) An occupiable structure ...."

Mr. Reed's argument is that the proffered instruction should have been given because the State, in order to convict Mr. Reed as an accomplice to arson, was required to show that it was Mr. Reed's "conscious object" to commit arson. We considered, and rejected, a similar proffered instruction in *Misskelley* v. *State,* 323 Ark. 449, 915 S.W.2d 702 (1996). Mr. Misskelley asked the Trial Court to instruct the jury that it could not convict him as an accomplice to murder unless it determined that it was his "conscious object" to commit murder. Mr. Misskelley, as Mr. Reed in the case at bar, claimed this instruction was based on our decision in *Fight* v. *State, supra.* Over Mr. Misskelley's objection, the Trial Court gave an accomplice instruction based on AMCI 401, and we affirmed.

■ As we stated in the *Misskelley* case, "[i]f an AMCI is available on the subject, a non-AMCI instruction should not be used unless the AMCI does not state the law." 323 Ark. at 477, 915 S.W.2d at 717. We concluded that AMCI 401 is a proper statement of the law because it accurately tracks the language of our accomplice statute at § 5-2-403(a).

■ In the *Misskelley* case, we rejected the argument that the State, to sustain its accomplice-liability count, was required to prove that it was Mr. Misskelley's "conscious object" to commit murder. Likewise, we reject today Mr. Reed's argument that the State had to show that it was his "conscious object" to commit arson. Section 403(a) permitted the jury to impose accomplice liability on Mr. Reed if the State merely showed that he aided Mr. Thul "with the purpose of ... facilitating the commission of" arson. The instruction given by the Trial Court said exactly that.

Affirmed.